**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CRAIG K. MARTIN,**<br>Plaintiff**,**<br>vs.<br>**MASOOD ORDIKHANI, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-04653-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

*Pro se* plaintiff Craig K. Martin commenced the instant action against defendants Masood Ordikhani, Harlan Kelly, Jr., Ivy Fine, Benjamin Poole, Kathy How,[1] Michael L. Brown, and Does 1 through 25, inclusive, in the Superior Court of the State of California, County of San Francisco related to his employment at the San Francisco Public Utilities Commission. Plaintiff alleges the following claims: (1) race discrimination, race-based harassment, and pretextual termination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq*., against all defendants[2]; (2) race discrimination under Title VII of the Civil Rights Act of 1964 against all defendants; (3) wrongful termination in violation of public policy against Masood, Kelly, Jr., Fine, and Brown; (4) age discrimination against all defendants[3]; (5) libel *per se* against all defendants; (6) intentional infliction of emotional distress against all defendants; (7) negligent infliction of emotional distress against all defendants; (8) intentional interference with prospective

---

[1] Plaintiff apparently misspelled How's name as "Howe" in his complaint. The Court employs the correct spelling of the name herein.

[2] While plaintiff captions the first cause of action in his complaint as being asserted only against Ordikhani, the text of the cause of action indicates that it is actually brought against all defendants.

[3] Plaintiff does not specify whether he brings his fourth cause of action under FEHA or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

economic advantage against all defendants; (9) and negligent interference with prospective economic advantage against all defendants. (*See generally* Complaint, Dkt. No. 1 at ECF pp. 7–24.)[4] Defendants Ordikhani, Fine, Poole, and Brown (the "Moving Defendants")[5] subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441, based on this Court's original jurisdiction over actions arising under federal law, namely Title VII. *See* 28 U.S.C. § 1331.

Now before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the Moving Defendants. (Dkt. No. 12.)[6] Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND**.

## I. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.

---

[4] In his opposition, plaintiff asserts that he is also bringing a claim for breach of the implied covenant of good faith and fair dealing. (Dkt. No. 16 at 8.) However, this claim is not included in his complaint, so the Court does not address it. In any event, such a claim would not impact the Court's rulings herein.

[5] According to the Moving Defendants, which refer to themselves as the "Served Defendants" in their briefing, plaintiff has not yet served defendants Kelly, Jr. and How.

[6] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b) the Court previously vacated the hearing on the motion. (Dkt. No. 19.)

2004).

## II. DISCUSSION

Plaintiff asserts both federal and state claims. The Court first considers plaintiff's second cause of action for race discrimination under Title VII as such a claim could establish federal jurisdiction.

### A. Plaintiff's Second Cause of Action

The Moving Defendants argue that plaintiff's Title VII claim fails as a matter of law because Title VII does not impose individual liability for discrimination. The Court agrees.

Title VII prohibits a covered "*employer*" from discharging or discriminating against a person based upon that individual's "race, color, religion, sex, or national origin[.]" 42 US.C. § 2000e-2(a)(1) (emphasis supplied). Thus, the Ninth Circuit has held that "individual defendants cannot be held liable for damages under Title VII[.]" *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *see also Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers.").

Plaintiff does not allege that any of the defendants employed him, or otherwise argue that they meet the definition of "employer" as defined by the statute. Accordingly, because Title VII does not impose liability on individual supervisors or other employees, plaintiff's second cause of action for race discrimination under Title VII is **DISMISSED WITH PREJUDICE** to the extent it is being asserted against defendants in their individual capacities. Plaintiff is otherwise given **LEAVE TO AMEND** to permit him to allege a clear, plain statement of the basis for his claim under Title VII.

### B. Plaintiff's Fourth Cause of Action

It is unclear whether plaintiff's fourth cause of action for age discrimination asserts a federal claim based on the ADEA or a state claim based on FEHA. However, the Court assumes that he proceeds under the former out of an abundance of caution as it pertains to federal jurisdiction. In that context, the Moving Defendants argue that the ADEA does not impose individual liability for discrimination. Again, the Court agrees.

3

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age[.]" 29 U.S.C. § 623(a)(1). Thus, as with Title VII, the Ninth Circuit has held that the ADEA does not impose individual liability. *See Miller*, 991 F.2d at 587–88.

Because, as discussed previously, none of the defendants are alleged to have employed plaintiff, they cannot be held liable under the ADEA. Accordingly, plaintiff's fourth cause of action for age discrimination under the ADEA, insofar as such he brings such a claim, is **DISMISSED WITH PREJUDICE** to the extent it is being asserted against defendants in their individual capacities. As with plaintiff's Title VII claim, plaintiff is otherwise afforded **LEAVE TO AMEND** so that can allege clearly the basis for his ADEA claim.[7]

### C. Plaintiff's Remaining Causes of Action

Because the parties in this case are non-diverse, (*see* Complaint ¶¶ 1–7), the now-dismissed federal claims provide the sole basis for federal subject matter jurisdiction in this case. Plaintiff's remaining claims are premised on California state law, namely: race discrimination, race-based harassment, and pretextual termination under FEHA; wrongful termination in violation of public policy; libel *per se*; intentional infliction of emotional distress; negligent infliction of emotional distress; intentional interference with prospective economic advantage; and negligent interference with prospective economic advantage. The Court has only supplemental jurisdiction over these claims, pursuant to 28 U.S.C. § 1367(a), if a federal claim survives. Accordingly, the Court **DEFERS** ruling on them unless and until a federal claim is properly alleged.[8]

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** (i) plaintiff's claim under Title VII, and (ii) plaintiff's claim under the ADEA (insofar as he brings such a claim), to

---

[7] If plaintiff's age discrimination claim is in fact not based on the ADEA, plaintiff should so indicate in his amended complaint.

[8] The Court therefore does not address the Moving Defendants' arguments regarding plaintiff's state-law claims at this juncture.

4

the extent these two claims are asserted against defendants in their individual capacities. The Court otherwise gives plaintiff **LEAVE TO AMEND** to allege clearly the basis for these claims. In addition, the Court **DEFERS** ruling on plaintiff's state-law claims.

Plaintiff may file an amended complaint by no later than **December 5, 2018**. Failure to file an amended complaint by this date may be deemed an admission that the federal claims should be dismissed. Any response thereto shall be filed **fourteen (14) days** after plaintiff's filing.

The Court advises plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-8982. To make an appointment with the Legal Help Center in Oakland, plaintiff may visit the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California, 94612, or call 415/782-8982. The Help Center's website is available at http://www.cand.uscourts.gov/helpcentersf.

This Order terminates Docket Number 12.

**IT IS SO ORDERED.**

Dated: November 2, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**