**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CRAIG K. MARTIN,**<br>Plaintiff**,**<br>vs.<br>**MASOOD ORDIKHANI, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-04653-YGR<br><br>**ORDER (1) DENYING RULE 4(M) MOTION, (2) GRANTING RULE 12(B)(6) MOTION AS IT RELATES TO ALL FEDERAL CLAIMS, AND (3) REMANDING STATE-LAW CLAIMS FOR LACK OF JURISDICTION**<br><br>Re: Dkt. Nos. 24, 25 |

Plaintiff Craig K. Martin, proceeding *pro se*, commenced this action against defendants Masood Ordikhani, Harlan Kelly, Jr., Ivy Fine, Benjamin Poole, Kathryn How,[1] Michael L. Brown, the San Francisco Public Utilities Commission ("SFPUC"), and Does 1 through 25, in the Superior Court of the State of California, County of San Francisco. (Dkt. No. 1 ("Notice of Removal").) In his First Amended Complaint, plaintiff alleges the following causes of action: (1) race and age discrimination, race-based harassment, and pretextual termination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*, and wrongful termination in violation of public policy against all defendants; (2) negligent hiring, training, retention, supervision, and/or control against SFPUC, Kelly, and "Does 1–100 [sic]"; (3) harassment against all defendants; (4) age discrimination against all defendants; (5) libel *per se* against all defendants; (6) intentional infliction of emotional distress against all defendants; (7) negligent infliction of emotional distress against all defendants; (8) intentional interference

---

[1] Plaintiff apparently misspelled How's name as "Howe" in his original complaint and as "Ho" in his First Amended Complaint. The Court understands the correct spelling of the name to be "How," which it uses herein.

1 with contract and/or prospective economic advantage against all defendants except SFPUC; (9) negligent interference with contract and/or prospective economic advantage against all defendants except SFPUC; and (10) hostile work environment against all defendants. (*See generally* Dkt. No. 22 ("FAC") at 7–20.)

Now before the Court are two motions: (1) a motion to dismiss plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Ordikhani, Fine, Poole, and Brown (the "Served Defendants"), (Dkt. No. 24 ("Rule 12(b)(6) Motion")); and (2) defendants How's and Kelly's motion to be dismissed from this action for failure to serve summons and complaint pursuant to Federal Rule of Civil Procedure 4(m), (Dkt. No. 25 ("Rule 4(m) Motion")). Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **ORDERS** as follows: The Court: (i) **DENIES** How's and Kelly's Rule 4(m) motion; (ii) **GRANTS** Served Defendants' Rule 12(b)(6) motion as it relates to all federal claims; and (iii) **REMANDS** the state-law claims for lack of jurisdiction.

**I. RELEVANT BACKGROUND**

Plaintiff initiated this action on June 28, 2018, in the Superior Court of the State of California, County of San Francisco. (*See* Exh. A to Notice of Removal.) Served Defendants subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441, based on the Court's original jurisdiction over actions arising under federal law. (*Id.*) On August 20, 2018, Served Defendants moved to dismiss plaintiff's original complaint pursuant to Rule 12(b)(6), which the Court granted with leave to amend. (Dkt. Nos. 12, 20 ("MTD Order").) In so doing, the Court dismissed with prejudice plaintiff's claim for race discrimination under Title VII of the Civil Rights Act of 1964 and, to the extent he brought such a claim, his claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, "to the extent these two claims are asserted against defendants in their individual capacities." (MTD Order at 4–5.) The Court otherwise gave plaintiff leave to amend with respect to these two claims

2

so that he may allege clearly the basis for the same. Because the two federal claims provided the sole basis for subject matter jurisdiction in this case, the Court deferred ruling on plaintiff's remaining state-law claims "unless and until a federal claim is properly alleged." (*Id*. at 4.)

Plaintiff subsequently filed his FAC, which purports to sue each individual defendant in his or her individual *and* official capacities. (*See* FAC at 1.) On December 20, 2018, Served Defendants filed the instant Rule 12(b)(6) motion, and defendants How and Kelly filed the instant Rule 4(m) motion. Plaintiff's response to both motions was due on January 3, 2019, but no timely response was filed. (Dkt. Nos. 26, 27.) Accordingly, on January 14, 2019, the Court issued an Order to Show Cause why it should not dismiss plaintiff's claims against all defendants for failure to prosecute. (Dkt. No. 28.)[2] Plaintiff subsequently responded only to the Served Defendants' motion on January 16, 2019, (Dkt. No. 30 ("Opposition")), and filed a proof of service on January 22, 2019, indicating hand service of the summons and FAC on the Mayor of San Francisco but purportedly pertaining to defendants How, Kelly, and SFPUC. (Dkt. No. 31.)

## II. LEGAL STANDARD

Federal courts are "courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). The bases for federal subject matter jurisdiction are (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. With respect to the former, federal question jurisdiction requires a civil action to arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law only if a "well-pleaded complaint" facially alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v.*

---

[2] The Court also vacated the hearing on the pending motions, which was set for February 12, 2019, indicating that it would reset a hearing date to the extent necessary once briefing on the motions was complete.

3

1 *Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
Because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Federal courts are obligated to decide issues of subject matter jurisdiction *sua sponte* at any time it appears that subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("[T]he court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed R. Civ. P. 12(h)(3).

Where a complaint alleges a sufficient federal question to confer subject matter jurisdiction, the federal court may exercise supplemental jurisdiction over additional related state-law claims. *See* 28 U.S.C. § 1376(a); *Aragon v. Federated Dep't Stores, Inc.*, 750 F.2d 1447, 1457–58 (9th Cir. 1985). However, if a complaint does not present a "federal claim upon which to append the related state cause of action, the federal court has no basis for asserting jurisdiction" over the state-law claim. *Aragon*, 750 F.2d at 1458.

**III. DISCUSSION**

As an initial matter, the Court notes that Federal Rule of Civil Procedure 4(m) allows for dismissal of a defendant if the plaintiff fails to serve that defendant a copy of the summons and complaint within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 12(b)(5) (permitting a defendant to file a motion to dismiss based on "insufficient service of process").[3] However, given the discretion afforded to district courts in extending time for

---

[3] Plaintiff's attempted service on Kelly and How failed to comply with the service requirements set forth in sections 415.10–30 of the California Code of Civil Procedure. There is no indication that plaintiff attempted personal service under section 415.10 or substitute service under section 415.20, and section 415.30 requires more than simply mailing the complaint and summons to an individual defendant. *See* Cal. Civ. Proc. Code § 415.30 (requiring plaintiff to mail a copy of the complaint and summons "to the person to be served, together with two copies

4

service even in the absence of good cause, coupled with plaintiff's *pro se* status, the Court declines to dismiss How and Kelly based on plaintiff's failure to serve timely. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512–13 (9th Cir. 2001) (discussing Rule 4(m)'s "good cause" standard and the discretion afforded a district court in extending the time for service even in the absence of good cause); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (finding that service requirements of Rule 4 are viewed as "flexible" and "should be liberally construed so long as a party receives sufficient notice of the complaint") (internal quotation marks omitted). Accordingly, How and Kelly's Rule 4(m) motion is **DENIED**.

Turning to the Rule 12(b)(6) motion, Served Defendants argue that plaintiff "has still failed to make out a plausible claim for relief" and therefore move to dismiss the FAC in its entirety. (Dkt. No. 24-1 at 1.) As mentioned previously, the Court granted Served Defendants' prior motion to dismiss on the narrow ground that plaintiff failed to state a claim as a matter of law under both Title VII and the ADEA, insofar as he brought an ADEA claim. (MTD Order at 3–4.) The Court dismissed both claims with prejudice to the extent that plaintiff asserted either claim against defendants in their individual capacities because neither federal statute imposes individual liability, and plaintiff did not allege "that any of the defendants employed him, or otherwise argue

---

of the notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender"); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851–52 (9th Cir. 1992) ("[E]ven if the defendant receives actual notice by mail, service is ineffective [under California law] unless the defendant timely returns the acknowledgment form or the plaintiff attempts follow-up service by some other method."). Moreover, assuming that plaintiff's hand delivering a copy of the complaint and summons to the Mayor of San Francisco constitutes effective service of process on SFPUC, which the Court does not decide, such service does not cure the deficiencies in his service as to Kelly and How. *See, e.g., Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (finding Rule 4 requires "personal service, and not service at the place of employment" when defendants are sued in their individual capacities in addition to their official capacities); *Lopez v. Cal. Dep't of Corr. & Rehab.*, No. SA CV 13-00238 JGB (RZ), 2013 WL 5675518, at *2 (C.D. Cal. Oct. 15, 2013) (dismissing all individual defendants, California Department of Corrections and Rehabilitation employees sued in both in their individual and official capacities, for plaintiff's failure to serve them, noting "[t]he greater problem for Plaintiff is that he also targeted these six defendants in their *individual* capacity but did not serve them with process") (emphasis in original).

5

that they meet the definition of 'employer' as defined by the statute." (*Id.* at 3.) In so doing, the Court noted that plaintiff did not specify whether his cause of action for age discrimination asserted a federal claim based on the ADEA or a state claim based on FEHA. (*Id.*) "[O]ut of an abundance of caution[,]" the Court assumed that plaintiff brought the claim under the ADEA because absent a federal claim, namely Title VII or ADEA, the Court lacks subject matter jurisdiction based upon the existence of a federal question. *Id.*; *see also* 28 U.S.C. § 1331.

Unlike plaintiff's initial complaint, the FAC asserts *no* federal claims. Plaintiff again fails to specify whether the age discrimination claim is based on the ADEA, but the FAC states that the claim is brought pursuant to "laws under the state of California," presumably FEHA. (FAC at 7, 11.) To the extent the FAC may be read as asserting claims that may be actionable under both state and federal law, plaintiff's opposition brief removes any doubt in this regard. Namely, plaintiff clarifies therein that he "has not alleged *any* federal causes of action." (Opposition at ECF p. 2 (emphasis supplied).) Moreover, he states that "[i]n the event that the court finds a federal cause of action, the Plaintiff herebys voluntararly [sic] dismisses said cause of action." (*Id.*) Accordingly, Served Defendants' Rule 12(b)(6) motion is **GRANTED** as it pertains to any federal claims.

Because the parties in this case are non-diverse, (*see* FAC ¶¶ 1–9; *see also* Opposition at ECF p. 2), the previously-dismissed, and now-absent, federal claims provided the sole basis for federal subject matter jurisdiction in this case. *See* 28 U.S.C. § 1331. Ninth Circuit authority counsels that where federal claims giving rise to federal subject matter jurisdiction have dropped out of the litigation, "[i]t is generally within the court's discretion to either retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). However, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Id*. "[W]hen the federal-law claims have dropped out of the lawsuit *in its early stages and only state-law claims remain*, the federal court

6

should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted) (emphasis supplied). Accordingly, because all federal claims have been dismissed, leaving only a slew of state-law claims, the Court lacks independent federal subject matter jurisdiction over this action. Given that the case is in its early stages, the Court declines to exercise supplemental jurisdiction over the state-law claims and hereby **REMANDS** the same to state court.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court: (i) **DENIES** How's and Kelly's Rule 4(m) motion; (ii) **GRANTS** Served Defendants' Rule 12(b)(6) motion with respect to all federal claims; and, (iii) **REMANDS** to state court all remaining state-law claims.

This Order terminates Docket Numbers 24 and 25. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: February 6, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Accordingly, the Court does not address Served Defendants' arguments pertaining to the sufficiency of the claims as alleged in the FAC.

7